OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Martinez, Appellant, v. Avon Oaks Nursing
Home; Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Martinez v. Avon Oaks Nursing Home
(1994),      Ohio St.3d     .]
Workers' compensation -- Starting date for permanent total
     disability compensation benefits -- Delay by Industrial
     Commission in processing application for permanent total
     disability compensation cannot compel payment of
     compensation over a period in which there is no evidence
     of permanent total disability.
     (No. 93-2620 -- Submitted September 20, 1994 -- Decided
December 7, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
93AP-153.
     Appellant-claimant, Maria Martinez, sustained injuries on
September 15, 1970, in the course of and arising from her
employment with Avon Oaks Nursing Home and was awarded workers'
compensation benefits.  In 1983, claimant moved appellee,
Industrial Commission of Ohio, for permanent total disability
compensation.  She refiled her application in 1985 after no
action was forthcoming from the commission.
     Claimant's application was eventually heard on April 14,
1992.  Among the evidence before the commission was the July 2,
1991 medical report of Dr. Sheldon Kaffen, who opined that
claimant could not perform sustained remunerative employment.
     The commission granted permanent total disability
compensation with the commencement of benefits backdated to
July 2, 1991.  Desiring the starting date of her compensation
to be pushed back even further, claimant sought reconsideration
by the commission.  The commission denied reconsideration as
follows:
     "The first credible evidence that the claimant is
permanently and totally disabled related to the industrial
injury is the July 2, 1991 report of Sheldon Kaffen, M.D.
Accordingly, compensation for permanent and total disability is
granted as of July 2, 1991.
     "The earliest evidence of permanent and total disability
is the April 8, 1983 report of chiropractor Leverone.  Dr.

Leverone's report is found not to be persuasive, in light of the June 21, 1982 and July 25, 1982 reports of Frank R. Kriz, M.D., wherein Dr. Kriz finds that the claimant is capable of returning to her former work as a nurse's aide.

"The September 24, 1985 and January 21, 1986 reports of Dr. Hollister are also found unpersuasive.  Dr. Hollister found no clear-cut neurological evidence to support a finding of permanent total disability.  Dr. Hollister finds permanent total disability based on psychological factors, in that the claimant has accepted the position of a chronically disabled person and that she is chronically depressed.

"Patricia Martin, M.D., psychiatrist, in a July 1, 1991 report, stated that the claimant was emotionally healthy and that her degree of emotional impairment was -0-%.  Therefore, the claimant is not found to be permanently and totally disabled due to the allowed psychiatric condition and Dr. Hollister's reports on this issue were found unpersuasive.

"Accordingly, the claimant's request for reconsideration of the permanent total disability start date is denied, as the first credible evidence of permanent total disability is found to be the July 2, 1991 report of Dr. Kaffen."

Claimant filed a complaint in mandamus in the Court of Appeal for Franklin County, claiming that the commission improperly set the permanent total disability commencement date.  The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Sammon & Bolmeyer Co., L.P.A., and Martin J. Sammon, for appellant.

Lee Fisher, Attorney General, and Melanie Cornelius, Assistant Attorney General, for appellee.

Per Curiam.  Claimant offers three alternative permanent total disability starting dates: (1) December 26, 1982 -- the date her temporary total disability benefits ceased; (2) April 29, 1983 -- the date of her first permanent total disability application; or (3) March 23, 1985 -- the date of her second permanent total disability motion.  For the reasons that follow, we affirm the judgment of the court of appeals.

The commission found that Dr. Kaffen's July 2, 1991 report was the earliest credible evidence of permanent total disability and started benefits as of that date.  Claimant contends that some of the earlier evidence before  the commission was equally persuasive, warranting an earlier commencement date.  Acceptance of claimant's argument necessitates abandonment of a fundamental precept -- the commission is solely responsible for assessing evidentiary weight and credibility.  State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

The fact remains, that, for whatever reason, her applications were not processed sooner.  Perhaps the delay was due to claimant's relocation to Florida or perhaps to an administrative error.  Regardless of the reason, the delay, while regrettable, cannot compel payment of compensation over a period in which there is no evidence of permanent total disability.  As the appellate court stated:

"While the delays in this case do not reflect well upon the Industrial Commission, the order which sets forth the reason for the commencement date of the permanent total disability compensation is one of the most cogent orders which has come before the court in recent history."

The appellate court's judgment is affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.

Douglas and Resnick, JJ., dissent.

F.E. Sweeney, J., dissents and would reverse the court of appeals.